IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS DECILOS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2239-BD |
| | § | |
| BEN PULLIAM CONCRETE, LLC, ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendants have filed an unopposed motion to approve a confidential settlement agreement in this civil action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Subject to approval of the settlement agreement, the parties jointly move for an order dismissing with prejudice the claims of the four remaining plaintiffs -- Jesus Decilos, Leonardo Chavolla, Juan Domingo Castaneda-Ruiz, and Emilio Perez.[1]  At a prior hearing, the court refused to approve a settlement agreement between the parties that provided for the payment of attorney's fees before the plaintiffs were paid. The court also noted that counsel failed to provide any evidence regarding the reasonableness of attorney's fees. Plaintiffs were ordered to correct these deficiencies and file an amended motion for approval of their settlement agreement, together with evidence on attorney's fees, by January 20, 2012. The instant motions were timely filed, but counsel did not submit an affidavit regarding attorney's fees until January 27, 2012 -- one week late.

---

[1] The claims of two other plaintiffs -- Pedro Brena and Marcello Romero Hernandez -- were dismissed for want of prosecution on January 23, 2012.

After reviewing these submissions, the court still is unable to approve the proposed confidential settlement agreement. First, although the court granted leave to file the settlement agreement under seal, neither party has filed the proposed revised confidential settlement agreement. Second, the Affidavit of J.H. Zidell in support of his request for $12,000 in attorney's fees indicates that the fee award is based on a contingency fee agreement with plaintiffs. (*See* Zidell Aff. at 1, ¶ 4). The court will not approve a fee award merely because plaintiffs entered into a contingency fee contract with their attorney. Rather, the plain language of the FLSA requires judicial review of the *reasonableness* of attorney's fees. *See* 29 U.S.C. § 216(b) (authorizing court to award "reasonable attorney's fee to be paid by the defendant"). As the Eleventh Circuit noted in *Silva v. Miller*, 307 Fed.Appx. 349, 2009 WL 73164 (11th Cir. Jan. 13, 2009):

> That [plaintiff and her attorney] entered into a contingency contract to establish [counsel's] compensation if [plaintiff] prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions . . . To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

*Id.*, 2009 WL 73164 at *2-3 (citations omitted).[2] Courts in the Fifth Circuit use the "lodestar" method to calculate a reasonable fee award under the FLSA. *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 1999), *citing Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The "lodestar" is determined by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. *Id.* Not only has

---

[2] The court notes that the plaintiff in *Silva*, like the plaintiffs herein, was represented by J.H. Zidell.

Zidell not provided any evidence of the amount of hours spent on this case or described the work performed on behalf of plaintiffs, but the hourly rates described in his affidavit are based on similar services performed in South Florida -- not the Northern District of Texas. Without evidence of the number of hours expended by counsel and the services performed on behalf of plaintiff, as well as the appropriate hourly rate in the Northern District of Texas for such work, the court cannot begin to assess the reasonableness of attorney's fees.

Accordingly, the parties shall file under seal their proposed revised confidential settlement agreement, and Zidell shall file an amended affidavit in support of his request for attorney's fees, by **February 10, 2012**. The amended fee affidavit shall include all evidence necessary for the court to calculate a reasonable attorney's fee using the "lodestar" method, including: (1) a description of the services performed by counsel; (2) the amount of time spent by counsel to perform the services; and (3) the appropriate hourly rate in the Northern District of Texas for such services. If these materials are not submitted within the time specified herein, the court will not approve the settlement agreement and set the case for trial.

SO ORDERED.

DATED: January 30, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE